```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NORTHEASTERN DIVISION
```

DENNIS M. PHILLIPS,              )
                                 )
        Plaintiff,                )
                                 )
        v.                        )    NO. 2:06-0060
                                 )
CUMBERLAND MOUNTAIN RETREAT,     )    Judge Echols/Bryant
P.O.A., et al.,                   )
                                 )
        Defendants.               )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

By order entered July 28, 2006, this pro se civil case was referred to the Magistrate Judge for a report and recommendation on any dispositive motion (Docket Entry No. 2). This case was transferred from Magistrate Judge Brown to the undersigned by order entered August 7, 2006 (Docket Entry No. 3).

Pending before the Court are motions to dismiss for failure to state a claim filed on behalf of defendant Sharon Potter and the remaining defendants (Docket Entry Nos. 6 and 23). Despite the Court's order to respond to these motions on or before October 23, 2006 (Docket Entry No. 24), plaintiff has failed to respond to either motion.

For the reasons stated below, the undersigned **RECOMMENDS** that defendants' motions be **GRANTED** and that the complaint be **DISMISSED.**

**Allegations of the complaint.** Plaintiff asserts that jurisdiction of this Court is based upon alleged violations of the Fair Housing Act of 1968, 42 U.S.C. § 3605, unspecified sections of the Americans with Disabilities Act, 12 U.S.C. § 4310(e), and 15 U.S.C. §§ 1666 and 1681. Defendants are the Cumberland Mountain Retreat Property Owners' Association ("the Association"), seven individual members of that Association and Sharon Potter, a lawyer who is alleged to have represented the Association.

After several readings of plaintiff's muddled and rambling complaint, it appears to the undersigned that plaintiff has had a series of disputes with the defendants, or at least some of them, including some disputes that have been the subject of state court litigation in Cumberland County, Tennessee. Plaintiff mentions in his complaint disputes over the election of members of the board of directors of the Association, an alleged "conflict of interest sale" to defendant Huan, alleged financial mismanagement by the board of directors, allegedly improper increases in water charges, and allegedly improper late fees for failure to pay taxes or fees. The complaint alleges that Ms. Potter, as lawyer for the Association, did nothing to stop the foregoing wrongful behavior, and therefore "breached her fiduciary duty."

Defendant Potter's Motion to Dismiss (Docket Entry No. 6) argues that the federal statutes invoked by plaintiff do not apply to Ms. Potter as a matter of law, and that the complaint therefore

2

fails to state a claim against her under Rule 12(b)(6). The remaining defendants similarly argue that the statutory provisions relied upon by plaintiff, as a matter of law, do not apply to them and that the complaint otherwise fails to state a claim.

Title 12 U.S.C. § 4310, cited in the complaint, is part of the Truth in Savings Act and applies to federally insured depository institutions. None of the defendants is alleged to be a depository institution, so this provision does not apply.

Title 15 U.S.C. § 1666, cited in the complaint, is part of the Fair Credit Billing Act and imposes certain reporting requirements on creditors, who are defined as persons who regularly extend consumer credit payable in installments. 15 U.S.C. § 1602(f). None of the defendants is a "creditor" under the statutory definition, nor does the complaint so allege.

Title 15 U.S.C. § 1681, also cited in the complaint, is part of the Fair Credit Reporting Act and requires "consumer reporting agencies" to adopt reasonable procedures to assure the accuracy of the consumer credit reports they produce. None of the defendants is a "consumer reporting agency" as defined in the statute, nor does the complaint make such an allegation.

Although the complaint also makes passing mention of the Americans with Disabilities Act, the Fair Housing Act and the Civil Rights Act of 1964, plaintiff fails to elaborate or explain how defendants are guilty of acts or omissions giving rise to liability

3

under any of these statutes. Moreover, as stated above, plaintiff has failed to respond to either of defendants' motions to dismiss after being directed to do so. The undersigned finds that the complaint fails to state a claim pursuant to Rule 12(b)(6).

For all of the foregoing reasons, the undersigned **RECOMMENDS** that defendants' motions to dismiss (Docket Entry Nos. 6 and 23) be **GRANTED** and that the complaint be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 17th day of January, 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

4